THE IP & TECHNOLOGY LEGAL GROUP, P.C.
JOHN M. GENGA (SB# 125522)
DON C. MOODY (SB# 231110)
16000 Ventura Boulevard, Suite 1205
Encino, California  91436
Telephone: (818) 444-4580
Facsimile: (818) 444-4585

Attorneys for Defendant
AVICENNA NUTRACUETICALS LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AVICENNA NUTRACEUTICAL, LLC, a Georgia Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 3:16-cv-02810-BEN-BGS<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

As and for its Answer and Affirmative Defenses in the above-captioned action, Defendant AVICENNA NUTRACEUTICALS LLC ("AVICENNA" or "Defendant") alleges and states as follows:

1.     Answering paragraph 1 of the Complaint, Defendant ADMITS the allegations contained therein.

///

2. Answering paragraph 2 of the Complaint, Defendant ADMITS the allegations contained therein.

3. Answering paragraph 3 of the Complaint, Defendant ADMITS the allegations contained therein.

4. Answering paragraph 4 of the Complaint, Defendant ADMITS that the statement "*with a specific emphasis on Patented Chicken Sternum Type 2 Collagen*" has appeared on its website, but denies the remaining allegations therein.

5. Answering paragraph 5 of the Complaint, Defendant ADMITS that it does not currently own any U.S. patents, but denies the remaining allegations therein.

6. Answering paragraph 6 of the Complaint, Defendant DENIES the remaining allegations found therein.

7. Answering paragraph 7 of the Complaint, Defendant asserts that the allegations contained within this paragraph constitute mere legal conclusions, which need not be confirmed or denied.

8. Answering paragraph 8 of the Complaint, Defendant ADMITS the allegations contained therein.

9. Answering paragraph 9 of the Complaint, Defendant asserts that the allegations contained within this paragraph constitute mere legal conclusions, which need not be confirmed or denied.

///

2
ANSWER                                            16-cv-02810-BEN-BGS

10. Answering paragraph 10 of the Complaint, Defendant asserts that the allegations contained within this paragraph constitute mere legal conclusions, which need not be confirmed or denied.

11. Answering paragraph 11 of the Complaint, Defendant lacks sufficient information to confirm or deny these allegations, and on that basis DENIES them.

12. Answering paragraph 12 of the Complaint, Defendant ADMITS the allegations contained therein.

13. Answering paragraph 13 of the Complaint, Defendant asserts that the allegations contained within this paragraph constitute mere legal conclusions, which need not be confirmed or denied.

14. Answering paragraph 14 of the Complaint, Defendant lacks sufficient information to confirm or deny these allegations, and on that basis DENIES them.

15. Answering paragraph 15 of the Complaint, Defendant ADMITS the remaining allegations found therein.

16. Answering paragraph 16 of the Complaint, Defendant lacks sufficient information to confirm or deny these allegations, and on that basis DENIES them.

17. Answering paragraph 17 of the Complaint, Defendant ADMITS that the statement "*with a specific emphasis on Patented Chicken Sternum Type 2 Collagen*" has appeared on its website, but denies the remaining allegations therein.

18. Answering paragraph 18 of the Complaint, Defendant DENIES the allegations contained therein.

19. Answering paragraph 19 of the Complaint, Defendant lacks sufficient information to confirm or deny such allegations, and on that basis DENIES them.

20. Answering paragraph 20 of the Complaint, Defendant lacks sufficient information to confirm or deny such allegations, and on that basis DENIES them.

21. Answering paragraph 21 of the Complaint, Defendant DENIES the allegations contained therein.

22. Answering paragraph 22 of the Complaint, Defendant ADMITS that it received a letter from Plaintiff on or about October 6, 2016, but DENIES the remaining allegations found therein.

23. Answering paragraph 23 of the Complaint, Defendant ADMITS the allegations contained therein.

24. Answering paragraph 24 of the Complaint, Defendant DENIES the allegations contained therein.

25. Answering paragraph 25 of the Complaint, Defendant repeats and incorporates its responses to each and every allegation contained herein as if fully stated in this Paragraph.

26. Answering paragraph 26 of the Complaint, Defendant ADMITS that the statement "*with a specific emphasis on Patented Chicken Sternum Type 2 Collagen*" has appeared on its website, but denies the remaining allegations therein.

///

///

27. Answering paragraph 27 of the Complaint, Defendant ADMITS that it does not currently own any U.S. patents, but DENIES the remaining allegations found therein.

28. Answering paragraph 28 of the Complaint, Defendant lacks sufficient information to confirm or deny such allegations, and on that basis DENIES them.

29. Answering paragraph 28 of the Complaint, Defendant lacks sufficient information to confirm or deny such allegations, and on that basis DENIES them.

30. Answering paragraph 30 of the Complaint, Defendant lacks sufficient information to confirm or deny such allegations, and on that basis DENIES them.

31. Answering paragraph 31 of the Complaint, Defendant lacks sufficient information to confirm or deny such allegations, and on that basis DENIES them.

32. Answering paragraph 32 of the Complaint, Defendant ADMITS that the statement "*with a specific emphasis on Patented Chicken Sternum Type 2 Collagen*" has appeared on its website, but denies the remaining allegations therein.

33. Answering paragraph 33 of the Complaint, Defendant ADMITS that the statement "*a wholesaler targeting nutraceutical and pharmaceutical companies worldwide that utilize Type 2 Collagen to produce its various end products*" has appeared on its website, but DENIES the remaining allegations found therein.

34. Answering paragraph 34 of the Complaint, Defendant ADMITS that the statement "*nutraceutical and pharmaceutical companies worldwide*" has appeared on its website, but DENIES the remaining allegations found therein.

35. Answering paragraph 35 of the Complaint, Defendant lacks sufficient information to confirm or deny such allegations, and on that basis DENIES them.

36. Answering paragraph 36 of the Complaint, Defendant DENIES the allegations contained therein.

37. Answering paragraph 37 of the Complaint, Defendant repeats and incorporates its responses to each and every allegation contained herein as if fully stated in this Paragraph.

38. Answering paragraph 38 of the Complaint, Defendant asserts that the allegations contained within this paragraph constitute mere legal conclusions, which need not be confirmed or denied.

39. Answering paragraph 39 of the Complaint, Defendant ADMITS that the statement "*with a specific emphasis on Patented Chicken Sternum Type 2 Collagen*" has appeared on its website, but denies the remaining allegations therein.

40. Answering paragraph 40 of the Complaint, Defendant ADMITS that it does not currently own any U.S. patents, but DENIES the remaining allegations found therein.

41. Answering paragraph 41 of the Complaint, Defendant DENIES the allegations contained therein.

42. Answering paragraph 42 of the Complaint, Defendant DENIES the allegations contained therein.

///

43. Answering paragraph 43 of the Complaint, Defendant repeats and incorporates its responses to each and every allegation contained herein as if fully stated in this Paragraph.

44. Answering paragraph 44 of the Complaint, Defendant asserts that the allegations contained within this paragraph constitute mere legal conclusions, which need not be confirmed or denied.

45. Answering paragraph 45 of the Complaint, Defendant DENIES the allegations contained therein.

46. Answering paragraph 46 of the Complaint, Defendant ADMITS that the statement "*with a specific emphasis on Patented Chicken Sternum Type 2 Collagen*" has appeared on its website, but DENIES the remaining allegations found therein.

47. Answering paragraph 47 of the Complaint, Defendant ADMITS that it does not currently own any U.S. patents, but DENIES the remaining allegations found therein.

48. Answering paragraph 48 of the Complaint, Defendant DENIES the allegations contained therein.

49. Answering paragraph 49 of the Complaint, Defendant DENIES the allegations contained therein.

50. Answering paragraph 50 of the Complaint, Defendant DENIES the allegations contained therein.

51. Answering paragraph 1 of the Complaint's "Prayer for Relief," Defendant DENIES the allegations thereof, and further DENIES, generally and specifically, that Plaintiff is entitled to any form of relief.

52. Answering paragraph 2 of the Complaint's "Prayer for Relief," Defendant DENIES the allegations thereof, and further DENIES, generally and specifically, that Plaintiff is entitled to any form of relief.

53. Answering paragraph 3 of the Complaint's "Prayer for Relief," Defendant DENIES the allegations thereof, and further DENIES, generally and specifically, that Plaintiff is entitled to any form of relief.

54. Answering paragraph 4 of the Complaint's "Prayer for Relief," Defendant DENIES the allegations thereof, and further DENIES, generally and specifically, that Plaintiff is entitled to any form of relief.

55. Answering paragraph 5 of the Complaint's "Prayer for Relief," Defendant DENIES the allegations thereof, and further DENIES, generally and specifically, that Plaintiff is entitled to any form of relief.

56. Answering paragraph 6 of the Complaint's "Prayer for Relief," Defendant DENIES the allegations thereof, and further DENIES, generally and specifically, that Plaintiff is entitled to any form of relief.

///

///

///

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Complaint, without prejudice to the various denials, admissions and allegations set forth above, or to any applicable burden of proof, and while simultaneously reserving the right to raise additional affirmative defenses on an as-needed basis, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Unclean Hands)

1.  Plaintiff's claims, and each of them, are barred, entirely or in part, by the Doctrine of Unclean Hands, in that *inter alia*, contrary to Plaintiff's representations, it is not actually the "assignee" of any U.S. patents. Instead, it is the *assignor* of several patents that it *no longer owns*, including U.S. patents with Serial Nos. 6,323,319, 6,025,327 and 8,344,106.

### SECOND AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

2.  Plaintiff's claims, and each of them, are barred, entirely or in part, by the Doctrine of Equitable Estoppel, in that *inter alia*, contrary to Plaintiff's representations, it is not the "assignee" of any U.S. patents. Instead, it is the *assignor* of several patents that it *no longer owns*, including U.S. patents with Serial Nos. 6,323,319, 6,025,327 and 8,344,106.

///

///

## THIRD AFFIRMATIVE DEFENSE
### (Adequacy of Legal Remedies)

3. Without admitting liability, Plaintiff's claims, and each of them, are barred to the extent that they seek equitable relief, such as an injunction, in that *inter alia* money damages could adequately address any alleged injuries Plaintiff claims to have suffered.

DATED: January 2, 2017     THE IP & TECHNOLOGY LEGAL GROUP, P.C.

By:__ /donmoody/_____

Don C. Moody
Attorneys for Defendant
AVICENNA NUTRACEUTICALS, LLC