UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVICENNA NUTRACEUTICAL, LLC,<br><br>Defendant. | Case No.: 16cv2810 BEN (BGS)<br><br>**ORDER DENYING PLAINTIFF CERTIFIED NUTRACEUTICAL INC.'S MOTION TO REOPEN DISCOVERY RELATED TO RFPs 4 AND 6**<br><br>[ECF 24] |

On December 7, 2017 the Court allowed a limited re-opening of discovery as follows:

> Fact discovery is reopened, but only as to Plaintiff's First Set of Request for Production of Documents 4 and 6, and only to the extent Defendant has not already produced the requested documents. Plaintiff may not modify RFPs 4 and 6 and Defendant's objections are limited to its previously stated objections. If Defendant does not seek to enforce any of its previously stated objections, Defendant shall supplement its production to RFPs 4 and 6 by **January 3, 2018**.

(Court's Dec. 7, 2017 Order [ECF 20] at ¶ 1.) The Court's Order further provided:

///

1

> If Defendant's supplemental production to RFPs 4 and 6 requires any additional fact discovery by either party, the parties must jointly contact the Court by **January 10, 2018** to seek leave to conduct specifically identified discovery. Any party seeking additional discovery should be prepared to address why the discovery was not previously sought, how the limited supplemental production ordered here justifies additional discovery, and how long it will take to complete.

(*Id.* at ¶ 5.)

Plaintiff now seeks to reopen discovery pursuant to this Order. (Pl.'s Mot. to Reopen Discovery Related to RFPs 4 & 6 ("Pl.'s Mot.") [ECF 24].) In sum, Plaintiff concedes that Defendant produced numerous invoices and purchase orders regarding Neocell Corporation, but alleges that this production is wholly incomplete, bearing inconsistent amounts and gaps in timing. (*Id.* at 2.) Specifically Plaintiff states that Neocell began doing business with Defendant in June of 2014, yet the invoices do not begin until January 2016. Further, the invoices stop in June of 2017, over six months ago. And the invoices total $955,140, yet the purchase orders total $982, 870. (*Id.*) As regards the emails, Plaintiff claims that while the supplemental production includes emails from other customers, it produces no emails from Neocell. (*Id.*) On this basis, Plaintiff seeks to directly subpoena Neocell for documents and information to ascertain whether they exist. (*Id.* at 4.) Plaintiff requests two additional months of fact discovery to accomplish this task. (*Id.*)

In response, Defendant claims that that all agreed upon documents have been produced and a verification under oath has been provided attesting to the production's completeness. (Def.'s Opp'n [ECF 25] at 3.) Defendant asserts that it has produced all invoices and purchase orders with NeoCell, a fact that is attested to in the signed verification. (*Id.*) Defendant attaches the verification under oath by Ali Elnajjar, Chief Executive Officer of Avicenna Nutraceutical, LLC. (Adams Decl., Ex. B, [ECF 25-3 at

10[1]]. As regards the lack of responsive emails, Defendant points to an agreement with Plaintiff which limited the email production to those relating to any representation by Defendant that its products are patented, or emails necessary to reflect any sales not reflected in the purchase orders and invoices. (ECF 25 at 3).[2] Defendant states that there are no emails responsive to this narrow scope. (*Id.*)

Of note, Plaintiff has not called into question his agreement memorialized in ECF 25-2 at 3-4 with Defendant which limits the supplemental discovery to production of all invoices and purchase orders for sales of Defendant's collagen to Vibrant, Emenee, NeoCell, and any other third party up to January 3, 2018; all emails relating to any representation by Defendant that is products are patented, or emails necessary to reflect any sales not reflected in the purchase orders and invoices. Plaintiff's issue in this dispute is whether or not the Defendant is withholding this agreed upon discovery, which is based on alleged gaps and inconsistencies in the invoices and purchase orders, as well as the lack on any emails regarding NeoCell. The Defendant in turn has provided a declaration under penalty of perjury that it has provided all the discovery agreed upon.

Pursuant to the Court's December 7, 2017 Order, Plaintiff bears the burden to show how the supplemental discovery provided by Defendant justifies the additional discovery he now requests. Plaintiff's stated purpose for requesting this additional discovery is to ascertain whether or not Defendant is indeed withholding discovery from Plaintiff. (Pl.'s Mot. at 4.) The Court finds that Plaintiff's disbelief of Defendant does not meet this burden, and therefore does not justify reopening discovery. *Martin v. State Farm Mut. Ins. Co.*, No. 3:10-cv-0144, 2011 WL 13228851 (S.D. W. Va. Jan. 20, 2011) ("The Court cannot compel defendants to produce documents 'based solely on opposing

---

[1] The Court cites the CM/ECF pagination for the documents attached to Defendant's Opposition.

[2] Defendant attaches an email exchange with Plaintiff which corroborates this agreement. (ECF 25-2 at 3-4.)

speculation and belief that responsive documents exists and that the producing party is withholding them"); *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D. D.C. 2008) ("Instead of chasing the theoretical possibility that additional documents exist, courts have insisted that the documents that have been produced permit a reasonable deduction that other documents may exist"); *see also Heilman v Silva*, No. 13cv2984 JLS (MDD), 2015 WL 1632693, at *4 (S.D. Cal. April 13, 2015) ("Plaintiff provides no basis (besides his own disbelief) for concluding that the Defendants' responses were evasive").

The Court also notes that under Federal Rule of Civil Procedure 26(e)(1)(A) the parties are under a continuing obligation to timely supplement responses to discovery if the party determines its prior responses are incomplete or incorrect. Failure to comply with this obligation may result in sanctions, including being precluded from using that information, payment of reasonable expenses caused by the failure to supplement, and "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1).

Plaintiff's Motion to Reopen Discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 13, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge