

**FILED**
Aug 10 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AKR DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CERTIFIED NUTRACEUTICALS, INC., a California corporation,

    Plaintiff - Appellant,

 v.

AVICENNA NUTRACEUTICAL, LLC, a Georgia limited liability company and DOES, 1-10, inclusive,

    Defendants - Appellees.

No. 18-56631

D.C. No. 3:16-cv-02810-BEN-BGS
U.S. District Court for Southern California, San Diego

**MANDATE**

The judgment of this Court, entered July 17, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., a California corporation,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>AVICENNA NUTRACEUTICAL, LLC, a Georgia limited liability company,<br><br>　　　　　Defendant-Appellee. | No.　18-56631<br><br>D.C. No.<br>3:16-cv-02810-BEN-BGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 3, 2020[**]
Pasadena, California

Before: PAEZ and CALLAHAN, Circuit Judges, and LYNN,[***] District Judge.

Partial Dissent by Judge PAEZ

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Certified Nutraceuticals, Inc. ("Certified") appeals the district court's grant of summary judgment for Avicenna Nutraceutical, LLC ("Avicenna").[1] The district court concluded that Certified's claim under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for misstatements about the patented nature of Avicenna's products, was barred by the unclean hands doctrine, because Certified had made similar false claims about its products.

We have jurisdiction under 28 U.S.C. § 1291. Summary judgment "is proper if the pleadings and evidence submitted in support of the motion show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1253 (9th Cir. 1982) (citing Fed. R. Civ. P. 56(c)). In our review, we view all evidence in the light most favorable to the non-moving party. *Id.* The application of the doctrine of unclean hands is reviewed for abuse of discretion. *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ.*, 621 F.3d 981, 986 (9th Cir. 2010).

---

[1] Certified also challenges the district court's order awarding attorneys' fees to Avicenna, but only includes a conclusory claim that an overturning of the award would necessarily follow a reversal of the district court's granting of summary judgment. Given that Certified does not support its position with argument, we find the issue waived to the extent it is dependent on anything other than reversal of summary judgment. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

The district court did not err by granting Avicenna summary judgment based on its defense of unclean hands. Unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). It "requires balancing the alleged wrongdoing of the plaintiff against that of the defendant." *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 960 (9th Cir. 2015). The district court weighed "the substance of [Certified's] claims against the evidence of [Certified's] inequitable conduct." *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-cv-02810, 2018 WL 3618243, at *5 (S.D. Cal. July 30, 2018). By considering the substance of Certified's claims, the district court properly analyzed and weighed Avicenna's wrongdoing. *See Republic Molding Corp. v. B. W. Photo Utils.*, 319 F.2d 347, 350 (9th Cir. 1963) ("[T]he court must weigh the substance of the right asserted by plaintiff against the transgression which, it is contended, serves to foreclose that right.").

Unclean hands also "requires a finding of inequitableness or bad faith." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 602 (9th Cir. 1991). This includes any willful act concerning the cause of action or bad faith relative to the matter. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945). Certified argues that this requirement must include not only a finding of "intent to deceive the consumer" but also actual harm

to the public or Avicenna. Evidence of consumer deception can be "a highly relevant consideration" in determining inequitableness, *see Republic Molding Corp.*, 319 F.2d at 349–50, and in trademark infringement cases, we have required a showing that the "plaintiff used the trademark to deceive consumers." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002). Here, the district court determined that Certified "knowingly made [] false statements" with regard to the patented nature of a product that directly competes with Avicenna's product. *Certified Nutraceuticals, Inc.*, 2018 WL 3618243, at *4. Those deceptive acts, viewed in the context of Certified's claims alleging that Avicenna made similar false statements about the nature of its competitor product, satisfy the requisite bad faith and inequitable conduct necessary for an unclean hands finding. Accordingly, the district court did not err in concluding that Certified had unclean hands and granting Avicenna summary judgment.

Certified also argues that the district court abused its discretion by relying on clearly erroneous findings in light of Certified's ownership of United States Patent No. 6,838,440 (the "'440 Patent"). However, Certified did not raise its ownership of the '440 Patent with the district court, and the argument is not properly before us. *See Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1052 (9th Cir. 2003) ("[W]e

4

5

do not ordinarily consider on appeal issues not raised below.").[2]

Finally, we conclude that Certified's appeal was not frivolous, and Avicenna's request for leave to file a motion for attorneys' fees and costs on appeal is denied.

**AFFIRMED**.

---

[2] Accordingly, Certified's related Request for Judicial Notice of the '440 Patent is denied.

5

FILED

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Certified Nutraceuticals v. Avicenna Nutraceuticals*, No. 18-56631
Paez, J., concurring in part and dissenting in part.

I agree with the majority that Certified's appeal is not frivolous. I disagree, however, that the district court did not err by granting summary judgment to Avicenna on the basis of the unclean-hands defense.

To successfully invoke the unclean-hands defense, a defendant must demonstrate that (1) the plaintiff's conduct is inequitable, and (2) the conduct relates to the subject matter of the plaintiff's claims. *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002). The parties do not dispute that Certified's alleged conduct relates to the subject matter of its claims.

To establish that a plaintiff's conduct is sufficiently inequitable, the defendant "must show that plaintiff used the trademark to deceive consumers." *Id.* In other words, the defendant must have proof of actual deception. *See, e.g., Perfumebay.com Inc. v. eBay, Inc.*, 506 F.3d 1165, 1178 (9th Cir. 2007) (reversing the district court's application of the unclean-hands defense because "[t]he record does not affirmatively demonstrate that [plaintiff] used the advertisements to 'deceive consumers'"); *Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 349–50 (9th Cir. 1963) (stating that the "extent of actual harm caused by the conduct in question" is "highly relevant" to whether the plaintiff's conduct was inequitable).

1

The district court failed to make a finding with respect to actual deception before concluding Certified had acted with unclean hands. Citing to *Pfizer, Inc. v. International Rectifier Corp.*, 685 F.2d 357 (9th Cir. 1982), the court dismissed Certified's complaint only because Certified had "knowingly made false statements" with respect to whether its product was patented. In *Pfizer*, we affirmed the district court's denial of the unclean-hands defense because the defendant-appellants had failed to show by clear and convincing evidence that Pfizer had misrepresented facts related to patentability. *Id.* at 359. Because the defendant failed to establish intent, it was unnecessary to decide whether there had been actual deception.

The majority nonetheless affirms the district court's analysis. In doing so, it draws a distinction between trademark-infringement and false-advertising claims that does not exist in our caselaw. Indeed, our limited jurisprudence on the issue indicates that the standards for an unclean-hands defense under both types of Lanham Act suits are the same. In *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820 (9th Cir. 2011), a Lanham Act false-advertising and unfair-competition case, we concluded that the defendants failed to successfully demonstrate that the plaintiffs had acted with unclean hands where "[o]ur review of the record reveal[ed] no evidence of actual deception caused by plaintiffs' advertising." *Id.* at 834. Similarly, in *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th

Cir. 2002), a Lanham-Act false-advertising suit, we held that the plaintiff had failed to defeat the defendant's laches defense because the plaintiff was unable to demonstrate more than falsity.  We stated, "[i]n a Lanham Act false advertising suit, a plaintiff cannot ordinarily show unclean hands, and thereby defeat laches, simply by alleging that the defendant made claims knowing that they were false." *Id.* at 841.  That is what the district court did here: conclude Certified acted with unclean hands simply because it made claims knowing that they were false.

Because the district court failed to conclude Certified's conduct actually deceived consumers and the record does not contain allegations of actual deception, I respectfully dissent.